J-S64012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD JOSE HEINOLD, JR. | : | |
| | : | |
| Appellant | : | No. 288 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 25, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001246-2017

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                  **FILED DECEMBER 12, 2019**

Richard Jose Heinold, Jr. appeals from the judgement of sentence of four to eight years of imprisonment imposed after he was convicted of strangulation, simple assault, and harassment.  We affirm.

Appellant and the victim were involved in a romantic relationship beginning in March of 2017.  Appellant began staying at the victim's house, but after a week Appellant's behavior changed.  Appellant became very controlling of the victim's movements and began attempting to limit her contacts with family members.  Approximately two weeks into the relationship, Appellant became physically violent.

On April 12, 2017, Appellant accused the victim of having an affair.  They argued and Appellant put his hands around her throat, causing the victim to

_____

[*] Retired Senior Judge assigned to the Superior Court.

briefly lose consciousness. Two days later, the victim and Appellant argued because the victim had been in contact with her mother. During this argument, Appellant struck her in the face with the palm of his hand, breaking her nose.

The incident from which the charges arose occurred on April 17, 2017. Again, the victim and Appellant had been arguing. When the victim attempted to leave the house, Appellant grabbed her by the throat and bit her ear. The victim was able to escape to her car, but returned once Appellant threatened to commit suicide. Before the victim went back in the house, she texted her stepfather the word "help." N.T. Trial, 10/26/18, at 19.

Appellant took her car keys and grabbed the victim by her hair. Next, he hit her, bit her ear, and wrapped his hands around her throat. The victim was eventually able to grab her car keys, run out the front door, and drive away. A few minutes later, she received a phone call from her stepfather and returned to her house. The police were already on scene. Pennsylvania State Police troopers observed the victim's broken nose and red marks on her neck and transferred her to Washington Hospital, where she was treated for a nasal bone fracture, contusions, abrasions, assault by human bite, cervical strain, and physical assault.

Appellant was charged with the aforementioned crimes and proceeded to a non-jury trial at which, Appellant testified in his own defense. He admitted that an altercation occurred on April 17, 2017, and that he bit the victim three times. However, Appellant asserted that the victim was the

aggressor and that she had "dragged him up the street." *Id*. at 140. He denied ever attempting to strangle the victim. The trial court found Appellant guilty of all three charges. On January 25, 2019, Appellant received an aggregate sentence of forty-eight months to ninety-six months of incarceration.

Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court thereafter authored its Rule 1925(a) opinion. Appellant presents the following issues for our review:

1. The trial court further erred when it did not properly determine that [Appellant] knowingly or intentionally committed the crime of strangulation, as there was no evidence presented, in the record, to fulfill this element of the Crimes Code.

2. The trial court erred when it misapplied 18 Pa.C.S. § 2718(a)(1), by mistakenly concluding that this element was fulfilled when the medical testimony concluded that the evidence of pictures presented of the victim's neck did not rise to the level of strangulation pursuant to the Crimes Code.

Appellant's brief at 6.

Both of Appellant's claims attack the sufficiency of the evidence to support his strangulation conviction. Specifically, he argues that the victim's testimony alone was not enough to prove that Appellant knowingly and intentionally committed strangulation. *Id*. at 10-12. Instead, he posits that the trial court should have believed his testimony that no strangulation

occurred. *Id*. at 11. The Commonwealth counters that it produced more than enough evidence to support its conviction for strangulation. We agree.

Our standard of review when considering a challenge to the sufficiency of the evidence is:

> Whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citations and quotation marks omitted).

The Pennsylvania Criminal Code defines strangulation as follows:

> **(a) Offense defined.**—A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by:
>
> > (1) applying pressure to the throat or neck; or
> >
> > (2) blocking the nose and mouth of the person.

18 Pa.C.S. § 2718. Importantly, the infliction of physical injury to a victim is not an element of the offense. 18 Pa.C.S. § 2718(b)(b). Likewise, the absence of physical injury to a victim is not a defense to strangulation. *Id*.

Viewing the facts in the light most favorable to the Commonwealth, as we must, we conclude that the evidence was sufficient to permit the trial court to find that Appellant strangled the victim. At trial, the victim testified that Appellant "wrapped both hands around my throat and squeezed so that no air – I couldn't breathe at all." N.T. Trial, 10/26/18, at 30.

Appellant contends that the victim's testimony alone was insufficient to sustain the conviction such that his testimony should have been credited over hers. Appellant's argument is problematic for two reasons. First, it is well-established that a victim's testimony alone can be sufficient to sustain a conviction. *Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa.Super. 2018) ("[A] solitary witness's testimony may establish every element of a crime, assuming that it speaks to each element, directly and/or by rational inference."). Here the victim's testimony was not the only evidence that the Commonwealth offered in support of conviction. Her account of the incident was corroborated by police officer testimony, photographs taken at the hospital, and testimony from her parents who saw her later that day. N.T. Trial, 10/26/18, at 39, 81, 88. Second, Appellant has completely disregarded our standard of review. We must view the evidence in the light most favorable

to the Commonwealth and we cannot reweigh the testimony given at trial. *See Gause*, *supra* at 540-41.

Next, Appellant contends that the evidence was insufficient because the medical testimony did not establish that Appellant applied pressure to the victim's throat or neck. Appellant's brief at 12. Preliminarily, Appellant's characterization of the physician assistant's testimony, as correlating with his own testimony that no strangulation occurred, is inaccurate. *Id*. at 14. The physician assistant testified that the victim had visible red marks on her throat that were consistent with her report of being physically assaulted, but that she could not conclude that the markings were definitely a result of strangulation. N.T. Trial, 10/26/18, 102, 106. Further, even if the physician assistant testified in the manner that Appellant suggests, his argument would still fail, since the Commonwealth did not need to prove that the victim sustained any physical injury in order to support its conviction. 18 Pa.C.S. § 2718(b).

As the trial court, acting as fact-finder, accepted the foregoing evidence as true, it was sufficient to support the court's finding that the Commonwealth met its burden of proving, beyond a reasonable doubt, that Appellant knowingly or intentionally impeded the breathing of the victim during their altercation. Thus, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2019